Kevin OXFORD *v.* Charles L. DANIELS,
Director of Labor

CA 79-402                                         597 S.W. 2d 844

Court of Appeal of Arkansas
Opinion delivered April 2, 1980
Released for publication April 30, 1980

Appellant, *pro se.*

*Herrn Northcutt*, for appellee.

DAVID NEWBERN, Judge. The appellant was denied unemployment compensation benefits pursuant to Ark. Stat. Ann. § 81-1106 (c) (Repl. 1976), because he "failed to apply for available, suitable work when so directed by the Employment Office."

The appellant was the only witness heard by the referee who sat as the appeals tribunal. He testified he did not mention to the unemployment office personnel any work

limitations before he was sent to a local company in need of an employee. When he went to the prospective employer's factory, the interview was terminated when he told the interviewer he was unable to lift heavy objects. The interviewer allegedly told the appellant the job required manual lifting of 12 tons of cardboard boxes per shift. The appellant testified at the hearing that he had injured his back while in the service but that Army doctors had been unable to find anything physically the matter with him.

The referee, in affirming the agency decision to deny benefits stated the appellant "agreed that the job [to which he had been referred] was suitable in all respects." Apparently this statement meant that the appellant had been told what to expect when he went to the job site and had agreed he could do the type of work for which he was to be considered. The appellant specifically denied he had been told anything whatever about the job, and there was no evidence in the record that he had. Nor is there any basis whatever in the record for the referee's statement the appellant agreed the job would be suitable. The board of review's decision says nothing about this apparent flaw in the referee's opinion despite the fact that it was raised specifically and forcefully in the appellant's letter to the board which is in the record.

To affirm this decision we would have to say the appellant's failure to mention his alleged physical limitation to the agency before the interview was substantial evidence his refusal to complete the interview was malingering and thus amounted to a refusal to apply for "suitable work." We cannot conclude that it was. There is not even any evidence of record that the appellant was asked whether he had physical limitations before he was sent to the interview.

For all we know, the referee, whose opinion contained a statement which may have been decisive but which was utterly unsubstantiated, may have been thinking of some other case. The board of review entered a *pro forma* affirmance.

The case is remanded to the board of review with directions to award the claimed benefits or, in the alternative, to hold a rehearing.

Reversed and remanded.